```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/09/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Lesa M. Harriott,<br><br>         Plaintiff,<br><br>-against-<br><br>Commissioner of Social Security,<br><br>         Defendant. | 1:23-cv-10658 (SDA)<br><br>**OPINION AND ORDER** |

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff Lesa M. Harriott ("Plaintiff" or "Harriott") brings this action challenging the determination of Defendant Commissioner of Social Security (the "Commissioner") that she was not entitled to Supplemental Security Income ("SSI") benefits under the Social Security Act (the "Act"). The Commissioner moves for judgment on the pleadings seeking to affirm the Commissioner's decision to dismiss as untimely the request by Plaintiff for Appeals Council review of the decision by the Administrative Law Judge ("ALJ") that she was not disabled under the Act. (Def.'s 4/19/24 Mem., ECF No. 22, at 1.) Plaintiff moves for judgment on the pleadings seeking to vacate the Commissioner's dismissal of her appeal and to remand the matter to the Commissioner for a determination of her appeal before the Appeals Council. (Pl.'s 4/22/24 Not. of Mot., ECF No. 23; Pl.'s 4/22/24 Mem., ECF No. 24.)

For the reasons set forth below, the Commissioner's motion is DENIED and Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

Harriott is a 47-year-old woman who suffers from mental health conditions and is severely limited physically due to a variety of illnesses and impairments, which significantly limit her mobility and leave her unable to sit or stand for even brief periods of time, among other symptoms. (Am. Compl., ECF No. 19, ¶ 2.) On December 3, 2018, she protectively filed an application for SSI benefits. (Administrative R. ("R."), ECF No. 21, 36.) On June 13, 2019, Harriott's application initially was denied. (*Id.*) Thereafter, she filed a written request for hearing, and on June 17, 2020, Harriott appeared at a hearing before ALJ Angela Banks. (*Id.*) On August 25, 2020, ALJ Banks issued a decision finding Harriott not disabled. (R. 36-44.)

On January 20, 2022, the Appeals Council granted Harriott's request for review of the ALJ's decision, vacated the August 25, 2020 decision, and remanded the case. (R. 27-31.) On September 12, 2022, ALJ Banks again issued a decision finding Harriott not disabled (R. 6-26.) Harriott asserts that, "[u]pon receipt of [the ALJ's decision," she "immediately sought review from the Appeals Council [by] mailing [her] request to the Appeals Council headquarters in Falls Church, Virginia." (Am. Compl. ¶ 5.) Harriott alleges that "[her] husband dropped the letter in a public mailbox on his way to work." (*Id*. ¶ 27.)

Harriott contends that, "[b]ecause her prior appeal had taken substantial time to resolve, [she] waited almost a year, until August 16, 2023, before inquiring as to the status of her appeal at her local Social Security office." (Am. Compl. ¶ 6; *see also id*. ¶ 29.) At that time, she was informed "that there was no record of her appeal, and [she was] instructed . . . to provide a statement to the Appeals Council, which she did." (*Id*. ¶ 6; *see also id*. ¶ 30.) Harriott's statement says that she "mailed [her] paperwork to Virginia," and that her health condition "limits [her]

everyday activity" and was "not improving [and] getting worse over the years." (R. 50.) In her August 16, 2023 statement, Harriott requested a review of her case. (*Id*.)

On October 19, 2023, the Appeals Council issued an Order regarding Harriott's request for review. (R. 4-5.) The Council stated that the request was not filed within 60 days from the date of the ALJ's September 12, 2022 as required. (R. 4.) The Council also noted that the time period could be extended if good cause is shown. (*Id*.) The Council stated:

> On the request for review, the claimant stated that she mailed her paperwork to a Social Security Administration office in Virginia several months prior, but she never received any response. There is no indication that the claimant submitted the appeal before August 16, 2023. There is also no evidence that the claimant followed up in a timely ma[nn]er if she did not receive a response.

(*Id*.) Thus, the Appeals Council found that "there [was] no good cause to extend the time for filing and . . . dismisse[d] [Harriott's] request for review. (R. 5.) This action followed.

## **LEGAL STANDARDS**

In 1939, Congress amended the Act and provided for judicial review of "any final decision of the [agency] made after a hearing" pursuant to 42 U.S.C. § 405(g). *Smith v. Berryhill*, 587 U.S. 471, 475 (2019). Claimants must follow a four-step process before obtaining review from a district court. The claimant first must seek an initial determination as to her eligibility. 20 C.F.R. § 416.1400(a)(1). If unsatisfied with the initial determination, the claimant is afforded a review by the Social Security Administration ("SSA"). *Id*. § 416.1400(a)(2). If the claimant is dissatisfied, she is entitled to a hearing before an ALJ. *Id*. § 416.1400(a)(3). If the ALJ finds against the claimant, the claimant may seek review by the Appeals Council. *Id*. § 416.1400(a)(4). Once the claimant has exhausted the foregoing administrative process, and thereby obtained a final decision, she is

entitled to judicial review in federal district court. *Id*. § 416.1400(a)(5); *see also* 42 U.S.C. § 405(g) (providing process of judicial review in federal court).

A claimant who seeks review by the Appeals Council must file her request for review within 60 days of receiving the ALJ's ruling. 20 C.F.R. § 416.1468(a).[1] The regulations allow, however, for the 60-day term to be extended for good cause. *Id*. § 416.1468(b). "To determine whether good cause exists, [the SSA] use[s] the standards explained in § 416.1411." *Id*. Section 146.1411 (entitled "Good cause for missing the deadline to request review") provides, as follows:

(a) In determining whether you have shown that you have good cause for missing a deadline to request review we consider—

    (1) What circumstances kept you from making the request on time;

    (2) Whether our action misled you;

    (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and

    (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

(b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:

    (1) You were seriously ill and were prevented from contacting us in person, in writing, or through a friend, relative, or other person.

    (2) There was a death or serious illness in your immediate family.

    (3) Important records were destroyed or damaged by fire or other accidental cause.

---

[1] A claimant is presumed to have received notice of the ALJ's decision five days after the date on the notice. 20 C.F.R. § 416.1401.

4

(4) You were trying very hard to find necessary information to support your claim but did not find the information within the stated time periods.

(5) You asked us for additional information explaining our action within the time limit, and within 60 days of receiving the explanation you requested reconsideration or a hearing, or within 30 days of receiving the explanation you requested Appeals Council review or filed a civil suit.

(6) We gave you incorrect or incomplete information about when and how to request administrative review or to file a civil suit.

(7) You did not receive notice of the initial determination or decision.

(8) You sent the request to another Government agency in good faith within the time limit and the request did not reach us until after the time period had expired.

(9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that you could not have known of the need to file timely, or which prevented you from filing timely.

20 C.F.R. § 416.1411(a)-(b).

In reviewing an Appeals Council's decision to deny a request for review as untimely, the Supreme Court has held that "in an ordinary case [dismissed by the SSA on procedural grounds], a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Smith*, 587 U.S. at 488. Such decisions should be reviewed for "abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'" *Hayward v. Comm'r of Soc. Sec.*, No. 18-CV-10402 (SN), 2021 WL 982296, at *3 (S.D.N.Y. Mar. 16, 2021) (citing *Smith*, 587 U.S. at 487 n.19). Substantial evidence is "more than a mere scintilla. It

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)).[2]

## APPLICATION

The Court considers whether there is substantial evidence to support the facts undergirding the Appeals Council's determination that Plaintiff's appeal was untimely. The Council's determination principally was based upon the factual finding that "[t]here [was] no indication [*i.e.*, evidence] that [Plaintiff] submitted the appeal before August 16, 2023 [in circumstances where it was due many months earlier]." (R. 4.) However, there was evidence that Plaintiff submitted her appeal months prior to August 16, 2023. The Appeals Council had before it an August 16, 2023 statement from Plaintiff stating that she was "asking for review of [her] case because [she] mailed [her] paperwork to Virginia [where the Appeals Council was located] and [she had] not gotten anything back for months now." (R. 50.) The only contrary evidence was the absence of any record that Plaintiff's request was submitted.[3] Thus, the Court concludes that

---

[2] If substantial evidence supports the Commissioner's determination that a claimant did not timely request review, a court then will review the agency's "good cause" determination for abuse of discretion. *See Bowen v. City of New York*, 476 U.S. 467, 483 (1986).

[3] The absence of a record could indicate the lack of veracity of Plaintiff's statement, but also could be explained by Plaintiff's letter having been lost in the U.S. Postal Service (perhaps because the address on the envelope was inaccurate or illegible and the return address was missing or illegible) or by Plaintiff's letter simply having seem misplaced at the SSA. *See Smith*, 587 U.S. at 482 ("the SSA is a massive enterprise, and mistakes will occur" (footnote omitted)).

substantial evidence does not support the factual finding that Plaintiff did not submit her appeal before August 16, 2023.[4]

Here, as in *Jones v. Astrue*, 526 F. Supp. 2d 455 (S.D.N.Y. 2007), there was "no hearing on the timeliness of plaintiff's request [for review]" and the Appeals Council dismissal Order "offers no indication that it evaluated plaintiff's assertion[] that she [had delivered her request months prior to August 16, 2023]." *Id*. at 460. In this case, as in *Jones*, "[a]n administrative record with appropriate findings should have been developed to establish when [the request for review was submitted]." *Id*.; *see also Walrath v. Comm'r of Soc. Sec.*, No. 5:06-CV-00367 (RFT), 2009 WL 236062, at *4 (N.D.N.Y. Jan. 30, 2009) ("In dismissing Plaintiff's request for review, it appears that the Appeals Council principally relied on the absence of any record that Plaintiff's request was submitted. However, prior to making such assessment, an administrative record with appropriate findings should have been developed to establish whether the request for review was in fact mailed within the allotted time period." (citations omitted)).

By developing a record, the Appeals Council will be in a position to evaluate the credibility of Plaintiff (and her husband who purportedly mailed the request for review), as well as the surrounding circumstantial evidence. For example, the Appeals Council could consider the fact that Plaintiff, without the assistance of counsel, diligently had pursued her application for SSI

---

[4] The Court notes with some skepticism the Appeals Council's statement that "[t]here is also no evidence that the claimant followed up in a timely ma[nn]er . . . ." (R. 4.) While it is true that Plaintiff waited almost a year before inquiring about the status of her appeal to the Appeals Council (Am. Compl. ¶ 6), Plaintiff's prior appeal to the Appeals Council took 16 months. In addition, the SSA website reflects that the average processing time for Appeals Council requests for review for the five-year period 2011 and 2016 (the latest period for which data is listed) was between 358 and 395 days. *See SSA Annual Data for Appeals Council Requests for Review Average Processing Time*, available at https://www.ssa.gov/open/data/Appeals-Council-Avg-Proc-Time.html [https://perma.cc/AA4Z-E858]. Thus, it would seem that waiting for a year to follow up with the Appeals Council would not have been unreasonable.

benefits for more than three years, *i.e.*, from December 2018, when she first filed her application (R. 36) through early 2022, when her most recent ALJ hearing occurred (R. 23), including making a successful prior request for review to the Appeals Council (R. 24-31), and the plausibility of Plaintiff failing to request review from the Appeals Council of a second adverse ALJ decision, which could play a factor in the Council's determination of Plaintiff's credibility.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion is DENIED and Plaintiff's motion is GRANTED IN PART and DENIED IN PART. The Commissioner's dismissal of Plaintiff's appeal is VACATED and the case is remanded to the Commissioner for a prompt determination of the timeliness of Plaintiff's request for review upon an expanded record.

**SO ORDERED.**

Dated:   New York, New York
         October 9, 2024

_____
STEWART D. AARON
United States Magistrate Judge